UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL MAXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-CV-1021 JD |
| | ) | |
| MARK LEVENHAGEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Michael Maxie, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 9.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Maxie is presently housed at Indiana State Prison ("ISP"). (DE 9 at 1.) He is suing about events that occurred in 2012 when he was housed at the Westville Correctional Facility ("Westville"). (*Id.*) According to the complaint and attachments, on January 18, 2012, Maxie was in the prison law library when he filled out a remittance slip requesting copies. (DE 9 at 4; DE 9-1 at 1-4.) Donney Steber, Jr., who works in the law library as a paralegal, determined that Maxie did not fill out the forms properly, because he failed to print his name on the form and also signed in the wrong box. (DE 9-1 at 4.) Steber asked Maxie to print his name on the form but he would not do so; Steber then printed Maxie's name on the form himself so that it could be processed. (DE 9 at 4; DE 9-1 at 4.) Thereafter, Maxie complained to prison officials that Steber had "committed forgery" by printing Maxie's name "without my consent or authorization." (DE 9-1 at 4.) Ultimately Steber wrote a conduct report charging Maxie with "lying" in violation of Disciplinary Rule #350. (*Id.*; DE 9 at 5.) He was found guilty by a disciplinary hearing officer, and as a sanction he was assigned 10 extra hours of work duty. (DE 9 at 6.)

Maxie further claims that he was "barred" from the library during the month of February 2012 because of this incident.[1] (DE 9 at 8.) He asserts that because he could not use the law library, a motion he filed with the Indiana Supreme Court challenging his state conviction "could not be heard." (*Id.* at 12.) He asserts that if he had not been prevented from going to the library, "the outcome of Plaintiff['s] appeal would have been different." (*Id.* at 13.) Based on these events, Maxie sues Steber, his supervisor, the disciplinary hearing officer, the assistant superintendent, and the superintendent of Westville for violating his constitutional rights. (DE 9

---

[1] Maxie has submitted documentation showing that prison staff told him he was not taken to the law library during February 2012 because they were unaware he needed to use the library. (DE 9-1 at 2.) However, at this stage, the court must accept Maxie's allegations as true.

2

at 2.) He seeks approximately $100,000 from each defendant in compensatory and punitive damages. (*Id.* at 11-12.)

Maxie first claims that his due process rights were violated in connection with the disciplinary hearing. However, the Due Process Clause does not protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the adverse action imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Id.* Even transferring a prisoner from the general population to a segregation unit does not present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. Here, Maxie received 10 extra hours of work duty as a result of the disciplinary proceeding. The court cannot conclude that this imposed an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 485; *see also Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause."). Accordingly, his allegations fail to state a plausible due process claim.

Maxie also claims his right of access to the courts was infringed because he was prevented from using the law library during February 2012. Inmates have a First Amendment right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, there is no "abstract free-standing right" to the law library or legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has

this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted). Thus, to state a claim for denial of access to the courts, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Marshall*, 445 F.3d at 968.

Here, Maxie asserts that he suffered prejudice because the Indiana Supreme Court would not consider a document he filed in connection with an appeal in his criminal case. (DE 9 at 12.) However, he attaches a copy of an order issued by the Indiana Supreme Court indicating that his filing was considered by the court. (DE 9-1 at 6.) The court determined that his filing—which he labeled as a "Motion for Dismissal and Reversal of Conviction Due to Violation of Due Process of the V and VI Amendment And XIV Amendment"—was in essence a petition for rehearing. (*Id.*) The court rejected this filing because petitions for rehearing are not permitted from an order denying transfer under Indiana law. (*Id.*) Accordingly, Maxie does not plausibly allege any concrete injury arising from his lack of access to the library during February 2012. *See Lewis*, 518 U.S. at 353; *Marshall*, 445 F.3d at 968.

Even if he could overcome this barrier, his claim suffers from another problem. The crux of Maxie's claim is that his criminal appeal would have been successful had he not been barred from the law library. (DE 9 at 12.) However, he cannot obtain an award of damages for violation of his right of access to the courts based on his inability to pursue a claim that would necessarily

imply the invalidity of his conviction.[2] *See Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012) (inmate could not maintain claim for damages for denial of access to the courts based on prejudice to a legal claim that would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).) Maxie has not alleged that his state conviction has been overturned, set aside, or expunged, and instead it is apparent that he is still incarcerated pursuant to this conviction. Indeed, he recently filed a federal habeas petition challenging this conviction. *Maxie v. Superintendent*, No. 3:14-CV-1444 (N.D. Ind. filed Apr. 24, 2014). Based on these circumstances, Maxie has not alleged a plausible claim for denial of access to the courts.

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The plaintiff's motion seeking "entry of judgment" in his favor (DE 15) is **DENIED** as moot.

SO ORDERED.

ENTERED: May 2, 2014

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court

---

[2] Maxie would not be precluded from seeking injunctive relief on this ground, *see Burd*, 702 F.3d at 434, but he does not seek any such relief in this case. Indeed, since he is no longer housed at Westville, he would not have a viable claim for injunctive relief pertaining to his access to the law library at that facility. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).